IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JIMMY FRIERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.1:10-cv-03447-AKK-JEO |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION

The plaintiff filed the above-styled action under the Federal Tort Claims Act ("FTCA"), alleging that he was negligently exposed to contaminated drinking water from October 28, 2002, to May 26, 2004, while housed at the Federal Correctional Institution in Talladega, Alabama.  (Compl.)  The plaintiff claims that the "drinking water . . . was known by the [Bureau of Prisons] to be tainted with trichloroethane and/or trichloroethelene . . . a dangerous and toxic industrial degreaser and solvent." *Id*.  As a result of BOP's alleged negligence, the plaintiff suffers from constant pain, extreme weakness of the body, paralysis in the left eye and face, constant diarrhea, loss of muscle control and tingling in his extremities. *Id*. at 2-3.

The magistrate judge filed a report and recommendation on February 22, 2011, recommending that this action be dismissed under 28 U.S.C. § 1915A(b).

(Doc. 7.) Specifically, the magistrate judge found that the plaintiff's claims are barred by the applicable statute of limitations. *Id.* On March 28, 2011, the plaintiff filed objections to the report and recommendation. (Doc. 10.)

The plaintiff argues that his claims are not barred by the statute of limitations because he did not become aware of the cause of his injuries until 2008. (Doc. 10 at 2.) The plaintiff states that the statute of limitations "does not begin to run 'until the plaintiff has discovered both his injury and its cause[.]'" *Id.*

Generally, an FTCA claim accrues "at the time of the plaintiff's injury," not when the plaintiff learns that he has been injured. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). In a medical malpractice FTCA case, however, a claim accrues "when the plaintiff knows of both the injury and its cause." *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). Upon careful review of the complaint, the plaintiff's only claim is that prison officials negligently exposed him to unsafe drinking water. Even construing the complaint liberally, the plaintiff has not alleged any facts upon which to base a medical malpractice claim against prison officials. Therefore, the medical malpractice exception to the general rule does not apply and the plaintiff's claims are barred by the statute of limitations.

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby

**ADOPTED** and the recommendation is **ACCEPTED**.  Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  A Final Judgment will be entered.

**DONE** this 9th day of May, 2011.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE